1
2
3
4
5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

6
7
8
9
10
11

| | |
|---|---|
| DEBBIE ANN BERG, on behalf of herself and all others similarly situated,<br><br>                Plaintiff,<br><br>    vs.<br><br>EQUIFAX INFORMATION SERVICES, LLC<br><br>                Defendant. | NO.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMAND** |

12
13

On behalf of herself and all others similarly situated, Plaintiff Debbie Ann Berg ("Plaintiff" or "Ms. Berg"), through her attorneys, respectfully alleges as follows:

14

## I.      NATURE OF THE ACTION

15
16
17
18
19
20
21
22
23

1.      This is a consumer class action based upon the widespread violations by Defendant Equifax Information Services, LLC ("Equifax" or "Defendant") of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA").   Equifax is regulated as a consumer reporting agency ("CRA") under the FCRA.   Equifax deprives consumers of their rights by willfully failing to comply with the FCRA requirements to block the reporting of fraudulent information in credit reports whenever it is presented with an identity theft report, in violation of 15 U.S.C. § 1681c-2.   Further, Equifax deprives consumers of their rights by willfully failing to comply with the FCRA requirement to provide the notice required by 15 U.S.C. § 1681c-2(c)(2) after declining requests to block information.

CLASS ACTION COMPLAINT - 1

**TERRELL MARSHALL LAW GROUP PLLC**<br>936 North 34th Street, Suite 300<br>Seattle, Washington  98103-8869<br>TEL. 206.816.6603 • FAX 206.319.5450<br>www.terrellmarshall.com

2. Every year, individuals who were the victims of identity theft and requested Equifax block inaccurate and fraudulent information related to the identity theft have been similarly aggrieved by the same violations of 15 U.S.C. § 1681c-2.

3. Pursuant to 15 U.S.C. §§ 1681n and 1681o, Plaintiff seeks monetary relief for herself and a class of similarly situated consumers affected by Equifax's failure to comply with FCRA section 1681c-2's blocking requirements.

## II.   PARTIES

4. Plaintiff Debbie Ann Berg is a "consumer" as defined by the FCRA, 15 U.S.C. § 1681a(c), and resides in Puyallup, Washington.

5. Equifax is a "person," and a "consumer reporting agency," as defined by the FCRA, 15 U.S.C. §§ 1681a(b) and 1681a(f), respectively.  Equifax prepares and sells "consumer reports" within the meaning of 15 U.S.C. § 1681a(d).  Equifax regularly conducts business in the Western District of Washington and has a principal place of business located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

## III.   JURISDICTION AND VENUE

6. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1681p in that all claims are brought under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.*

7. Venue lies proper in this District pursuant to 28 U.S.C. § 1391(b).

8. Equifax is one of the "big three" credit reporting agencies in the United States.

9. Equifax sells consumer reports (commonly called "credit reports") about millions of consumers annually.

10. Equifax is regulated by the FCRA.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

## IV.    **STATUTORY FRAMEWORK**

11.     The FCRA is intended "to protect consumers from the transmission of inaccurate information about them, and to establish credit reporting practices that utilize accurate, relevant, and current information in a confidential and responsible manner." *Cortez v. Trans Union, LLC*, 617 F.3d 688, 706 (3d Cir. 2010).

12.     The FCRA was amended by Congress in 2003 by the Fair and Accurate Credit Transaction Act ("FACTA"), Pub L. No. 108-159 (2003), in order to, among other things, "prevent identity theft, improve resolution of consumer disputes, [and] improve the accuracy of consumer records."

13.     Prior to the 2003 amendments, victims of identity theft were afforded no special protections under the FCRA. As such, consumer reporting agencies, such as Equifax, were under no obligation to treat an identity theft claim any different than a regular dispute.

14.     The 2003 amendments made it easier for identity theft victims to get information resulting from identity theft removed from their credit reports. By enacting 15 U.S.C. § 1681c-2(a), Congress required CRAs to block the reporting of any information in the file of a consumer that the consumer identifies as resulting from identity theft, not later than four business days after receiving (1) appropriate proof of identity, (2) a copy of an identity theft report, (3) the identification of such information by the consumer, and (4) a statement by the consumer that the information is not information relating to any transaction by the consumer.

15.     The ability to obtain a "block" of information is especially important to consumers because once a block is in place, the account is permanently removed from the

CLASS ACTION COMPLAINT - 3

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

consumer's credit report and creditors are prohibited from sending the blocked account to collections.  *See* 15 U.S.C. § 1681m(f).

16.    A regular consumer dispute (where no claim of identity theft is made), on the other hand, can at best result only in the "deletion" of an account, which removes the account from the consumer's credit report but allows the creditor to continue with collections unabated. *See* 15 U.S.C. § 1681i.

17.    A CRA may decline to "block" information only if the CRA reasonably determines that the consumer's request is made in error, was based on a material misrepresentation or the consumer obtained goods, services or money as a result of the blocked transaction.  *See* 15 U.S.C. § 1681c-2(c)(1).

18.    If a block is declined, the CRA must then notify the consumer in writing of the business name and address of any furnisher of information that it contacted upon receiving the identity theft report and that the consumer has a right to add a statement to the file disputing the accuracy or completeness of the disputed information. *See* 15 U.S.C. §§ 1681c-2(c)(2) and 1681i(a)(5)(B).

19.    In the absence of such a determination of material misrepresentation or error, a CRA cannot decline a request to block without first requesting additional information from the consumer for the purpose of determining the validity of the alleged identity theft.  *See* 12 C.F.R. § 1022.3(i)(1)(iii)(A).

20.    "[I]f a CRA receives a police report containing detailed information as well as the signature, badge number, or other identifying information for the officer taking the report, it is not reasonable for the CRA to request additional information without 'an identifiable concern,' such as an indication that the report was fraudulent."  *Osada v. Experian Info.*

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

*Solutions, Inc.*, No.  11-C-2856, 2012 WL 1050067, at \*3 (N.D.  Ill. Mar. 28, 2012) (citing 16 C.F.R. § 603.3(c)(1) (renumbered at 12 C.F.R. § 1022.3(i)(3)(i)).

## V.   FACTUAL ALLEGATIONS

### A.   Factual Allegations Regarding Defendant's Practices

21.   Despite the FCRA's requirements, Equifax regularly declines to block the reporting of fraudulent information by wrongfully rejecting valid identity theft reports outright and relying instead on the same verification procedures it uses for common disputes.

22.   In violation of the FCRA, Equifax willfully and negligently fails to provide the notice required by section 1681c-2(c)(2) after declining to block information that, pursuant to section 1681c-2(c)(1), a consumer has alleged is the result of identity theft.

23.   In further violation of the FCRA, Equifax willfully and negligently declines to block the reporting of information alleged by consumers to result from identity theft in violation of section 1681c-2(a) despite its receipt of all required documentation from the consumers.

24.   The plain language of section 1681c-2 is clear and Equifax is on notice of its requirements, both from guidance from the Federal Trade Commission and the prior decision in *Osada, supra*.

25.   According to standardized policies and procedures, Equifax willfully treats valid identity theft claims as regular credit disputes.

26.   For any identity theft claims Equifax deems to be lacking in information, Equifax willfully, and according to standardized policies and procedures, declines to block the reporting of the fraudulent information outright rather than requesting additional information or documentation directly from the consumer as required by 12 C.F.R. § 1022.3(i).

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

**B.**      **Factual Allegations Regarding Plaintiff's Experience**

27.      Ms. Berg is a victim of identity theft.  Ms. Berg reported the identity theft to the Sheriff of Pierce County, Washington on or about December 15, 2014.

28.      In or around December 2014, a person used Ms. Berg's personal information without her knowledge to open an account with BMW Financial Services.

29.      Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and her credit history to third parties from at least November 2015.

30.      Ms. Berg disputed the information on her Equifax consumer report.  She identified herself, advised Equifax that the BMW account was not hers and that it was fraudulent, furnished Equifax with a copy of the police report she filed concerning the identity theft and requested that Equifax block the fraudulent information.

31.      In response to her dispute, Equifax sent Ms. Berg a form letter dated June 16, 2016.  In the letter, Equifax stated:

> Dear Debbie Ann Berg:
>
> Enclosed is a copy of your Equifax credit file. Please review it for any unauthorized accounts or inquiries. If unauthorized information is reporting on your Equifax credit file, you may start an investigation immediately on-line at www.investigate.equifax.com. Using the Internet to initiate an on-line investigation request will expedite the resolution of your concerns. You may also start an investigation by completing and returning the enclosed Research Request Form or by calling the toll free telephone number on the credit file. Please advise us of any documents that may help us in the reinvestigation, such as an identity theft report or letters from credit grantors.
>
> Please note, when you provide documents, including a letter, to Equifax as part of your dispute, the documents may be submitted to one or more companies whose information are the subject of your dispute.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1
2
3
4

You should contact the credit grantors that are reporting information you believe is fraudulent. Ask them to explain their fraud investigation process, what steps would be taken and how long the process normally takes.  Additionally request that they send you a letter or documentation stating the results of the investigation. Upon receipt, forward a copy of that letter to us.

5

If your ID information, such as driver's license or social security card, was lost or stolen, contact the appropriate issuing agency.

6
7

*Results Of Your Investigation* (For your security, the last 4 digits of your credit account number(s) have been replaced by *)

8

>>>**We have reviewed your concerns and our conclusions are**:

9
10
11

Please be advised that Equifax, at this time, will not block the information subject to the submitted identity Theft and/or police report you provided as part of your dispute. We are contacting each creditor directly to verify The account/s on your behalf. We will also forward a copy of the documents you have provided to each creditor for their Review.

12
13

32.     Equifax enclosed a copy of Ms. Berg's credit file with the June 16, 2016 letter declining to block the fraudulent information outright.

14
15

33.     The June 16, 2016 letter did not explain why Equifax believed the identity theft report to be invalid nor did it request any specific additional information from Plaintiff.

16
17
18
19

34.     The June 16, 2016 letter did not contain any notice of the business name and address of any furnisher of information that Equifax contacted upon receiving Plaintiff's identity theft report nor did Equifax provide such notice to Ms. Berg within five (5) business days thereafter.

20
21
22
23

35.     The June 16, 2016 letter did not contain a notice that Ms. Berg had a right to add a statement to her file disputing the accuracy or completeness of the disputed information nor did Equifax provide such notice to Plaintiff within five (5) business days thereafter.

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

36.     Equifax's failure to provide the required notice harmed Ms. Berg by depriving her of valuable and consequential information related to the theft of her identity, and her efforts to repair the resulting harm to her credit.

37.     Rather than block the fraudulent information or request specific additional information from Plaintiff, Equifax negligently and willfully disregarded its obligations under the FCRA by merely seeking verification of the disputed accounts from the furnishers of that credit information and refusing to follow the FCRA requirements to block the reporting of fraudulent information in credit reports after it was presented with an identity theft report, in violation of section 1681c-2.

38.     Equifax further negligently and willfully disregarded its obligations under the FCRA by failing to notify Ms. Berg in writing, within five (5) business days, both the business name and address of any furnisher of information that Equifax contacted upon receiving Ms. Berg's identity theft report and a notice that Ms. Berg had the right to add a statement to her consumer file disputing the accuracy or completeness of the information relating to the fraudulent BMW account, in violation of section 1681c-2(c)(2).

## VI.     CLASS ACTION ALLEGATIONS

39.     The Plaintiff brings this action individually and as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of the following Classes:

> **The Section 1681c-2(a) Class**: All persons for whom Equifax failed to block disputed information despite receiving the documentation required by Section 1681c-2(a) for the time period beginning five years from the date this action was commenced up to the date of final judgment.

> **The Section 1681c-2(c)(2) Class**:  All persons to whom Equifax sent a letter in the form of the June 16, 2016 letter that Equifax sent to Plaintiff, during the time period beginning five years from the date this action was commenced up to the date of final

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2

3

> judgment to whom Equifax did not also send a letter within five
> business days containing both the business name and address of
> any furnisher of information that Equifax contacted upon receiving
> the consumer's identity theft report and a notice that the consumer
> has the right to add a statement to the consumer's file disputing the
> accuracy or completeness of the disputed information.

4

5

Excluded from the Classes are Defendant and its officers, directors, agents, employees, counsel

6

and its subsidiaries and affiliates; the presiding Judge and Magistrate Judge and their

7

immediate family members; and, all persons who make a timely election to be excluded from

8

the Classes.

9

40.    **Numerosity.  FED. R. CIV. P. 23(a)(1)**.  The Class members are so numerous

10

that joinder of all is impractical. Upon information and belief, Equifax receives and processes

11

thousands of requests to block fraudulent information along with identity theft reports each

12

year, and Equifax maintains the names and addresses of the persons making those requests.

13

41.    **Existence and Predominance of Common Questions of Law and Fact.  FED.**

14

**R. CIV. P. 23(a)(2)**.  Common questions of law and fact exist as to all members of the Class,

15

and predominate over the questions affecting only individual members. The common legal and

16

factual questions include, among others:

17

a.      Whether Equifax's failure to block information alleged to result from

18

identity theft was lawful;

19

b.      Whether Equifax provided the notice required by 15 U.S.C. § 1681c-

20

2(c)(2) after refusing to block the reporting of information;

21

c.      Whether, in the absence of a determination of fraud or mistake, Equifax

22

must request additional information it believes to be lacking from a person making a claim of

23

identity theft before refusing to block; and

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

d.      Whether Equifax must specify the particular information it believes to be lacking when it requests additional information from a person making a claim of identity theft.

42.     **Typicality.  FED. R. CIV. P. 23(a)(3)**.  Plaintiff's claims are typical of the claims of each Class member.  Plaintiff has the same claims for statutory and punitive damages that she seeks for absent class members.

43.     **Adequacy.  FED. R. CIV. P. 23(a)(4)**.  Plaintiff is an adequate representative of the Classes.  Her interests are aligned with, and are not antagonistic to, the interests of the members of the Classes she seeks to represent, she has retained counsel competent and experienced in such litigation, and she intends to prosecute this action vigorously.  Plaintiff and her counsel will fairly and adequately protect the interests of members of the Classes.

44.     **Predominance and Superiority.  FED. R. CIV. P. 23(b)(3)**.  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Equifax's conduct.  It would be virtually impossible for the Class members individually to redress effectively the wrongs done to them.  Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Equifax's conduct.  By contrast, the class action device will result in substantial benefits to the litigants

**TERRELL MARSHALL LAW GROUP PLLC**
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1    and the Court by allowing the Court to resolve numerous individual claims based upon a single

2    set of proof in a unified proceeding.

3                              **VII.    CAUSES OF ACTION**

4                                   **COUNT I**

5                        **Failure to Block Fraudulent Information**
     **Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681c-2(a)**

6        45.    Plaintiff realleges and incorporates by reference all preceding paragraphs as

7    alleged above.

8        46.    Equifax willfully and negligently failed to comply with section 1681c-2(a) of

9    the FCRA by failing to block information alleged by consumers to result from identity theft

10   despite receiving all information required by Section 1681c-2(a).

11       47.    Plaintiff and Class Members seek actual damages, statutory damages, punitive

12   damages, attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and o.

13                                  **COUNT II**

14                       **Failure to Provide Required Notice**
15   **Violation of Fair Credit Reporting Act, 15 U.S.C. § 1681c-2(c)(2)**

16       48.    Plaintiff realleges and incorporates by reference all preceding paragraphs as

17   alleged above.

18       49.    Equifax willfully and negligently failed to comply with section 1681c-2(c)(2) of

19   the FCRA by failing to provide consumers with notice of the business name and address of any

20   furnisher of information that Equifax contacted upon receiving the consumer's identity theft

21   report and notice that the consumer has the right to add a statement to the consumer's file

22   disputing the accuracy or completeness of the disputed information.

23

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS ACTION COMPLAINT - 11

1    50.    Plaintiff and Class Members seek actual damages, statutory damages, punitive

2    damages, attorney fees and costs pursuant to 15 U.S.C. §§ 1681n and o.

3                                          **PRAYER FOR RELIEF**

4           WHEREFORE, Plaintiff and the Classes pray for relief as follows:

5           A.    An order certifying the case as a class action on behalf of the proposed Classes

6    under Federal Rule of Civil Procedure 23 and appointing Plaintiff and the undersigned counsel

7    of record to represent same;

8           B.    An award of actual, statutory and punitive damages for Plaintiff and the Classes;

9           C.    An award of pre-judgment and post-judgment interest as provided by law;

10          D.    An award of attorneys' fees and costs; and

11          E.    Such other relief as the Court deems just and proper.

12                                          **JURY DEMAND**

13          Plaintiff hereby demands a trial by jury.

14          RESPECTFULLY SUBMITTED AND DATED this 30th day of April, 2018.

15                                  TERRELL MARSHALL LAW GROUP PLLC

16                                  By: /s/ Beth E. Terrell, WSBA #26759
                                        Beth E. Terrell, WSBA #26759
17                                      Email: bterrell@terrellmarshall.com

18                                  By: /s/ Erika L. Nusser, WSBA #40854
                                        Erika L. Nusser, WSBA #40854
19                                      Email: enusser@terrellmarshall.com

20                                  By: /s/ Benjamin M. Drachler, WSBA #51021
                                        Benjamin M. Drachler, WSBA #51021
21                                      Email: bdrachler@terrellmarshall.com
                                        936 North 34th Street, Suite 300
22                                      Seattle, Washington 98103
                                        Telephone: (206) 816-6603
23                                      Facsimile: (206) 319-5450

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

1

2   James A. Francis, *pro hac vice forthcoming*
    Email: jfrancis@consumerlawfirm.com
3   David A. Searles, *pro hac vice forthcoming*
    Email: dsearles@consumerlawfirm.com
    Joseph Gentilcore, *pro hac vice forthcoming*
4   FRANCIS & MAILMAN, P.C.
    Land Title Building, Suite 1902
5   100 South Broad Street
    Philadelphia, Pennsylvania 19110
6   Telephone: (215) 735-8600
    Facsimile: (215) 940-8000
7

8   Roger Zamparo, Jr., *pro hac vice forthcoming*
    Email: roger@zamparo.com
    ZAMPARO LAW GROUP, P.C.
9   2300 Barrington Road, Suite 140
    Hoffman Estates, Illinois 60169
10  Telephone: (224) 875-3202

11  Robert S. Sola, *pro hac vice forthcoming*
    Email: rssola@msn.com
12  ROBERT S. SOLA, P.C.
    8835 SW Canyon Lane, Suite 130
13  Portland, Oregon 97225
    Telephone: (503) 295-6880
14
    *Attorneys for Plaintiff*
15

16

17

18

19

20

21

22

23

TERRELL MARSHALL LAW GROUP PLLC
936 North 34th Street, Suite 300
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.319.5450
www.terrellmarshall.com

CLASS ACTION COMPLAINT - 13